NO. 07-02-0228-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 3, 2002


______________________________



JOSE GUERRERO
,




 Appellant


v.



EMMA FLORES, 




 Appellee

_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 00-83; HON. RON ENNS, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and JOHNSON, JJ.

 Pending before the court is the appeal of Jose Guerrero from what purported to be
a final order. Since he filed the notice of appeal, however, the trial court timely granted a
new trial, as confirmed by Guerrero via letter addressed to this court and dated July 1,
2002. In that letter, he also represented that the proceeding should be dismissed for the
want of jurisdiction. Because a new trial has been granted and this circumstance vitiates
the finality of the order from which appeal was taken, we conclude that our jurisdiction over
the cause is non-existent. 

 Accordingly, the appeal is dismissed for want of jurisdiction. Since appellant
acquiesces in this, no motions for rehearing will be entertained and mandate shall issue
immediately.


 Per Curiam


Do not publish.



0;                                                Appellee
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B16020-0505; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          In one issue, appellant Edwin DeGraff appeals his conviction for aggravated sexual
assault of a child by challenging the factual sufficiency of the evidence. We find the
evidence sufficient and affirm the judgment. 
          The pertinent standard of review is explained in Watson v. State, 204 S.W.3d 404
(Tex. Crim. App. 2006) and its progeny. We refer the parties to them. 
          Next, appellant was convicted of aggravated sexual assault by intentionally and
knowingly causing the penetration of the female sexual organ of his nine-year-old daughter
by his finger. See Tex. Penal Code Ann. 22.021(a)(2)(B) (Vernon Supp. 2009). Appellant
attacks the sufficiency of the evidence illustrating that he penetrated the complainant with
his finger. Furthermore, though he admitted that he touched the child’s vagina with his
hand and acknowledged the impropriety of that act, he denied having committed a criminal
offense. Yet, in that statement he also said that the tips of two fingers “touch[ed] the
interior part of the outside lips but didn’t go inside of them.” So too did he draw a picture
illustrating the relationship between those two fingers and the interior part of the labia
touched.
          We have held that the slightest penetration is sufficient to sustain a conviction. 
Green v. State, 209 S.W.3d 831, 832 (Tex. App.–Amarillo 2006, pet. ref’d). Furthermore,
penetration includes pushing aside and reaching beneath a natural fold of skin into an area
of the body not usually exposed even when one is naked. Vernon v. State, 841 S.W.2d
407, 409 (Tex. Crim. App. 1992). Appellant’s statement and his drawing are sufficient for
a rational trier of fact to determine beyond a reasonable doubt that penetration occurred. 
That finding is neither against the great weight of the evidence or otherwise manifestly
unjust. 
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.